UNITED STATES *v.* INGRAM & Co. (No. 3227)[1]

---

[1] T. D. 43668.

United States Court of Customs and Patent Appeals, October 28, 1929

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Fred J.*
*Carter*, special attorneys, of counsel), for the United States.
*Richard Neville* for appellee.

[Oral argument October 11, 1929, by Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT,
Associate Judges

GARRETT, Judge, delivered the opinion of the court:

Appellee made an importation of paper known as vegetable parchment paper (imitation parchment) which was entered October 21, 1925, and the entry liquidated March 3, 1926, at the port of Los Angeles, Calif. It was assessed for duty at 3 cents per pound and 15 per centum ad valorem under paragraph 1305, Tariff Act of 1922. The invoiced and entered weight was 2,727 pounds and the ascertained weight was 2,828 pounds. The collector assessed duty upon the basis of the ascertained weight, 2,828 pounds. The importer made protest, alleging that the increase in weight was due to absorption of moisture, presumably while en route to this country from the country of exportation, and that it should have been assessed at the invoiced and entered weight of 2,727 pounds. In the original protest there were some alternative claims, but these appear to have been abandoned, and in the Customs Court and in this court the matter of weight is the only question involved. It was tried in the Customs Court upon a stipulation between counsel that the merchandise involved "is similar in all material respects to that covered by protest 996511, etc., Abstract 49426, and that the record in that case be incorporated into this."

In protest 996511 there was a stipulation between counsel agreeing "that the increase in weight as shown by the weigher's return up to and including 4 per cent over the entered weights, but not more, was caused by the absorption of sea moisture."

The Customs Court sustained the protest, allowing the importer a reduction in the assessment to the extent of 4 per centum of the increased weight and directed reliquidation, entering judgment accordingly.

From this judgment the Government has appealed to this court and assigned error.

It is the insistence of the Government that the Customs Court erred in not finding and holding that the importer, as a condition precedent to securing the reduction in assessment claimed because of the increased weight due to absorption of moisture, must have complied "with the provisions of section 506, Tariff Act of 1922, and articles 732 and 733 of the Customs Regulations of 1923," and that since these were not complied with the protest should have been overruled rather than sustained.

Section 506 of the Tariff Act of 1922 reads as follows:

The Secretary of the Treasury is hereby authorized to prescribe and issue regulations for the ascertainment of tare upon imported merchandise, including the establishment of reasonable and just schedule tares therefor, but in no case shall there be any allowance for draft or for impurities, other than excessive moisture and impurities not usually found in or upon such or similar merchandise.

Paragraphs 732 and 733 of the Customs Regulations of 1923 read as follows:

Applications on Customs Form 4317 for a reduction of duty on account of excessive moisture, or absorption of water on the voyage of importation, must be filed with the collector not later than 10 days after the return of weight.

The collector shall transmit the application to the appraiser for a report of the increased weight of the merchandise due to the unusual absorption of water or moisture, and upon his return, specifying such increased weight, if any, an allowance therefor may be made in the liquidation of the entry.

Under the record as made up in this case the validity of Regulations 732 and 733 seems not to be brought into question, and the facts are agreed upon by stipulation. So the only matter for determination is whether Regulation 732, requiring the filing of application for reduction not later than 10 days after the return of the weight, is mandatory or directory. The Customs Court seems to have proceeded in this case upon the theory that the regulation is directory only, following its own holding in Abstract 49426, decided in 1925, from which no appeal appears to have been taken. In the case of *Frame & Co.* v. *United States*, T. D. 40476, 46 Treas. Dec. 355, that court held that the failure of the importer to comply with the regulations was a bar to his recovery. It did not pass upon the question as to whether the word "must" was mandatory or directory, but the decision would appear to rest upon the theory that it was mandatory. The *Frame* case was possibly decided before the promulgation of Regulations 732 and 733, but section 506 of the Tariff Act of 1922 was involved and

Regulation 605 of 1915 was in effect, and this regulation was the same as Regulation 732 of 1923, except that in 605 the time was 5 days instead of 10.

In its opinion in the instant case the Customs Court cited no decision other than that in Abstract 49426, but in 49426 several cases were cited, among them being *Lawrence Johnson & Co.* v. *United States*, T. D. 37007, 32 Treas. Dec. 177. We deem it sufficient to say that the language construed in the *Lawrence Johnson* case differed from the language of Regulation 605 of 1915 and that of Regulation 732 of 1923. There the word involved was "shall" and it does not appear to have been used in a mandatory sense. Here the word involved is "must." No question of reasonableness is raised, and, as has been recited, no contention is presented as to the validity of the regulation.

Accepting the regulation as valid and reasonable, so far as the case at bar is concerned, we are of opinion that the Customs Court's decision in the *Frame* case presented a sounder view than that in Abstract 49426 and is the authority which we think should have been followed in the instant case. In so far as the judgment sustained the protest it is *reversed*.